UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SICHUAN WEI LI TIAN XIA NETWORK TECHNOLOGY CO., LTD, et al.,<br><br>Defendants. | Case No. 22-cv-03054-JSC<br><br>**ORDER RE: MOTIONS TO AMEND COMPLAINT, FILE UNDER SEAL, AND EXPAND RELIEF**<br><br>Re: Dkt. Nos. 59, 60, 61 |

Plaintiffs (collectively, "RH") initially brought this suit for copyright infringement in May 2022. (Dkt. No. 1.)[1] The Court issued a temporary restraining order enjoining Defendants' use of copyrighted works and trademarks, locking website domain names, and freezing certain financial accounts related to the alleged infringing activities. (Dkt. No. 13.) The Court extended the TRO to cover additional websites. (Dkt. No. 26.) After considering the evidence provided, the Court granted RH's request to convert the TRO to a preliminary injunction. (Dkt. No. 29.)

RH filed a First Amended Complaint ("FAC") against additional alleged infringers discovered via post-suit investigation. (Dkt. No. 28.) The Court granted a TRO against the new defendants, (Dkt. No. 36), and later converted that TRO to a preliminary injunction, (Dkt. No. 44). RH then provided evidence some defendants defied the Court's Orders and created new websites to host the infringing photos. (Dkt. No. 48). The Court expanded the injunction to further lock and disable those new domain names. (Dkt. Nos. 53, 56). Despite service via email, Defendants never appeared at the preliminary injunction hearings, nor opposed any requested relief.

RH seeks leave to file a Second Amended Complaint ("SAC") that includes allegations against additional infringers discovered via post-suit investigation. (Dkt. No. 59.) RH also moves to file the SAC under seal and to expand the relief under the initial preliminary injunction. (Dkt.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Nos. 60, 61.) The Court DENIES leave to amend without prejudice but GRANTS the motions to seal and to expand the relief in the preliminary injunction.

### I. Motion for Leave to Amend to Join Additional Defendants

"In general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Id.* (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, RH's delayed amendment is the result of good faith post-suit investigation and amending would not prejudice the current opposing parties because, despite service via email, those defendants have not yet appeared. So, the traditional factors under Rule 15 weigh in favor of granting amendment. However, because RH seeks to join 21 additional defendants in the SAC, this motion also implicates Federal Rule of Civil Procedure 20.

#### A. Federal Rule of Civil Procedure 20

Federal Rule of Civil Procedure 20(a)(2) allows joinder of defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed R. Civ. P. 20. "Even once these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). The rules regarding permissive joinder are "to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes." *League to Save Lake Tahoe v. Tahoe Reg. Planning Agency*, 558 F.2d 914, 917 (9th Cir.1977).

### 1. Same Transaction or Occurrence Requirement

The first factor—known as the "same transaction or occurrence" requirement—is at issue here. RH's FAC pled claims against four groups of defendants: (1) the "Rain & Light" defendants; (2) the "Yiosi" defendants; (3) the "Koko Lights" defendants; and (4) Emilya Limited. (Dkt. No. 28 ¶¶ 6-16.) Joinder was proper in the FAC because RH pled a direct relationship between these defendants—Yiosi allegedly supplied the other defendants with the infringing products. (*Id.* ¶ 48, 53, 60.) Now RH wishes to amend the FAC to include allegations against 21 additional infringers in the proposed SAC. But, unlike in the FAC, RH provides no allegations in the proposed SAC that connect the additional infringers to one another or to the FAC defendants. Thus, the Court must consider whether—if granted leave to amend—RH could properly bring one lawsuit against all alleged infringers consistent with Rule 20.

The Ninth Circuit has provided limited guidance regarding the "same transaction, occurrence, or series of transactions or occurrences" standard for defendants under Rule 20(a)(2)(A). In *Visendi v. Bank of America*, the court held that the comparable standard in Rule 20(a)(1)(A) "requires factual similarity in the allegations supporting Plaintiffs' claims." 733 F.3d 863, 870 (9th Cir. 2013) (considering joinder of plaintiffs). There, the Ninth Circuit determined joinder was improper where a group of 160 named plaintiffs sued 15 different defendants regarding illicit lending practices. *Id.* at 866. Because the plaintiffs' claims encompassed "100 distinct loan transactions with many different lenders," the court found the plaintiffs interactions with defendants "were not uniform" and the "[f]actual disparities of the magnitude alleged" were "too great to support permissive joinder." *Id.* at 870. *See also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (affirming severance of mis-joined plaintiffs where each plaintiff had different factual bases underlying their claims).

Other courts considering joinder of defendants under Rule 20(a)(2)'s "same transaction or occurrence" standard have reached conflicting conclusions. Most courts require some allegation of cooperative or common action to join defendants under Rule 20(a)(2)(A). *See*, *e.g.*, *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (holding that accused participants in an internet file-copying "swarm" must have participated in the swarm at the same

3

time to be properly joined); *On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 503 (N.D. Cal. 2011) (same, collecting cases). These decisions reason two defendants that separately violate copyright laws are like "two individuals who play at the same blackjack table at different times. They may have won the same amount of money, employed the same strategy, and perhaps even played with the same dealer, but they have still engaged in entirely separate transactions." *AF Holdings*, 752 F.3d at 998; *see also WiAV Networks, LLC v. 3Com Corp.*, No. C 10-03448 WHA, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010) ("[T]here is no conspiracy claim. There is no claim that any defendant induced another to infringe. Each defendant has simply been thrown into a mass pit with others to suit plaintiff's convenience.") So, according to this line of cases, "merely alleging a violation of the same patent or copyright is insufficient to permit a plaintiff to pursue claims against multiple defendants in a single suit." *Optimum Power Sols. LLC v. Apple Inc.*, No. C 11-1509 SI, 2011 WL 4387905, at *2 (N.D. Cal. Sept. 20, 2011) (collecting cases). This commonality requirement recognizes that, absent cooperative behavior, "infringement issues, damages issues, willfulness issues, time frames and accused conduct, and discovery issues would likely vary from company to company." *Id.* (citing *Wiav Networks*, 2010 WL 3895047 at *3). Thus, joinder was unwarranted where each defendant could raise different defenses on such issues.

RH urges the Court to follow *Bose Corporation v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511 (N.D. Ill. 2020). That case bears many factual similarities to RH's lawsuit. There, Bose sued 17 defendants for counterfeiting under the Lanham Act. As in this case, Bose alleged the defendants were in China and were unlikely to appear after an injunction issued. And, as here, Bose failed to allege any link or cooperative act between the defendants other than a similar counterfeiting tactic. Nevertheless, the *Bose* court concluded that the separate counterfeiting acts constituted a single "occurrence" under Rule 20(a)(2).

The *Bose* court's interpretation of Rule 20 relies on three premises. First, the court reasoned that an "occurrence" is broader than a "transaction," thus:

> Rule 20's inclusion of the term "occurrence" should allow plaintiffs to join in a single case the defendants who participate in such unlawful occurrences, despite the lack of a "transactional link." The kind of

> harmful occurrences the internet enables—including mass foreign counterfeiting—were inconceivable when Rule 20 was drafted. But the Rule's inclusion of the term "occurrence" suggests that joinder is appropriate in cases alleging harm that is not strictly "transactional."

*Id.* at 516. Second, many counterfeiting defendants—acting simultaneously but separately—form a "swarm" that constitutes a single "occurrence" because it is "the swarm—the fact that all [d]efendants are attacking at once—that is the defining aspect of the harm from which Bose seeks relief." *Id.* at 517. And third, the *Bose* court excused the coordination requirement because:

> From the *plaintiff's perspective* (which is the appropriate perspective at the pleading stage) it is irrelevant whether the swarm is intentionally coordinated or simply a product of market forces enabled by the internet. It is reasonable for a plaintiff who is attacked by a swarm (and remember, Bose has made strong allegations that Defendants are indeed violating Bose's trademarks with impunity) to come to the Court for shelter against that conduct.

*Id.* at 517 (emphasis in original). Thus, the court concluded "it is no longer particularly concerned with joinder of multiple defendants alleged to be counterfeiters in circumstances like those alleged in this case," but remained open to a motion to sever should any defendant appear and object. *Id.* at 517-518.

The Court is unconvinced. *Bose* recognizes a practical concern. If defendants in counterfeiting cases are unlikely to appear in court and the matter will likely be determined through the default judgment, it is inefficient for a plaintiff to bring multiple, separate lawsuits. But the reasoning in *Bose* is without any practical limiting principle. Absent some cooperative or common factual basis, a court cannot differentiate between a "swarm" of defendants and defendants "simply committing the same type of violation in the same way." *AF Holdings*, 752 F.3d at 998 (quoting *Hard Drive Productions, Inc. v. Does 1–30*, 2011 WL 4915551, at *3 (E.D. Va. 2011)). And, particularly when preliminary relief is sought, *Bose* articulates the Court's concern under Rule 20 precisely backward. It is not only the "plaintiff's perspective" that matters at the pleading stage. When a plaintiff can seek injunctive relief against a defendant, the defendant should have the right to mount an individualized defense based on any number of factors that could vary for each alleged swarm member. The Court, using Rule 20, must protect that right. *WiAV Networks, LLC v. 3Com Corp.*, No. C 10-03448 WHA, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010) ("Each defendant has simply been thrown into a mass pit with others to

5

suit plaintiff's convenience.")  Finally, the efficiency assumptions rely on the premise that the defendants will not appear before the court.  Such a presumption is inappropriate at this stage.  Nor would efficiency be served if the defendants appeared and filed Rule 21 motions to sever.

Unlike with the FAC, where RH alleged a connection between Yiosi and each other defendant, RH's SAC provides no connective tissue between the additional alleged infringers other than similar violations of similar protected works.  That is insufficient.  In the absence of any cooperative or common action allegations, the factual differences between the various alleged infringers are "too great to support permissive joinder." *Visendi*, 733 F.3d at 870.

***

Thus, RH's motion to amend is DENIED without prejudice.  RH may move again if it discovers additional facts warranting joinder or provides another valid reason under Rule 15.

## II.     Motion to File Under Seal

RH moves to seal its proposed SAC, (Dkt. No. 60-3), which was attached as Exhibit A to RH's motion for leave to amend the complaint, (Dkt. No. 60).

There is a presumption of public access to judicial records and documents.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up).  By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180.

A complaint is "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, because it forms "the foundation of the lawsuit." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2018 WL 9651897, at *2 (N.D. Cal.

Jan. 3, 2018) (collecting cases).  Accordingly, the compelling reasons standard applies.

RH meets the compelling reasons standard at this stage.  RH intends to file suit against parties named in the SAC.  It requests the SAC remain sealed while RH pursues temporary injunctive relief to preserve the status quo and freeze financial accounts with allegedly ill-gotten gains.  Were the SAC filed publicly, RH declares it will be injured because defendants may transfer funds and domain names to servers beyond this court's jurisdiction.  The Court accepts these reasons as compelling at this stage and GRANTS RH's motion to seal Docket Number 60-3.

### III.	Motion to Expand Relief

RH also moves to expand the scope of the preliminary injunction entered against the Rain & Light defendants.  On October 17, 2022, the Court previously expanded the scope of the preliminary injunction to authorize the registry (Verisign) to disable Defendant Rain & Light's websites rainandlight.com and rainandlights.com.  RH provides evidence that Rain & Light has created a third, nearly identical website, "rainandlighting.com," which also uses RH's copyrighted photographs and trademarks.  (Dkt. No. 61.)  Consistent with the Court's earlier order, (Dkt. No. 56), the Court GRANTS RH's request to expand the preliminary injunction to cover this new website, "rainandlighting.com."

The Court orders the registrar eName Technologies Co. Ltd., and the registry Verisign, Inc. for the rainandlighting.com domain name to disable the domain name during the pendency of this case or until further order of this Court.  Rain & Light may move to modify this Order.

### CONCLUSION

RH's motion to amend its complaint is DENIED without prejudice.  The motion to file Docket Number 60-3 under seal is GRANTED.  The motion to expand relief, (Dkt. No. 61), is GRANTED.

**IT IS SO ORDERED.**

This Order disposes of Dkt. Nos. 59, 60, 61.

Dated: February 3, 2023

JACQUELINE SCOTT CORLEY
United States District Judge